Application for Rehearing.
TATE, Judge
(dissenting from refusal to grant rehearing).
I adhere to the views expressed in my original dissent.
With regard to the majority’s reversal of the District Court’s holding that the insurers of both general and special employer were solidarily liable to the dependents of the workman killed in the course of his employment, I find to be extremely pertinent the observation found in a comment entitled “Workmen’s Compensation: Liability of General and Special Employer”, 26 Calif.L.Rev. 370 at 374-5:
“In at least three jurisdictions, California, New York, and Kentucky, the *890 employee may look for compensation to either the special or general employer, or to both jointly and severally. This is permitted on the following grounds: The burden of compensating an employee for injuries sustained in the course of his employment is a statutory imposition on an industry of responsibility for industrial injuries, and this burden is to be distinguished from the respondeat superior burden imposed by the common law. The latter burden is involved with the question of imputed fault. It properly, therefore, requires proof not only that there is an employer-employee relationship, but also that the negligence complained of is related to specific acts under the control of the employer at the very moment of the accident. Failing this, the negligence may not be imputed to the employer. Workmen’s compensation liability on the other hand is not related to ‘fault’ or responsible negligence but to the fact of industrial injury without question of fault; it is a liability imposed upon the employer qua employer. Since the law recognizes that an employee may at the same time have a special and general employer, it follows that both employers have the statutory liability for industrial injuries suffered by their common employees.”
For these reasons, I respectfully dissent from the refusal of my brethren to grant a rehearing, in order to reinstate the opinion of the District Court insofar as it held both defendants liable in solido, at least as to the dependents of the deceased employee.